IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WILLIE MURRY JUQAN DEMETRICES MUHUMMAD
ADC #097878                                                                                          PLAINTIFF

v.                                       4:24-cv-00934-DPM-JJV

JAMES SHIPPMAN, Unit Warden,
Tucker Max Security, ADC, *et al.*                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.    DISCUSSION

Willie Murry JuQan Demetrices Muhummad ("Plaintiff") is a prisoner in the Arkansas Division of Correction who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983.  (Doc. 1.)   The Complaint is an incomprehensible string of unrelated phrases without any punctuation or logical connection.  And it contains numerous unrelated attachments.  The Complaint does not clearly state a constitutional violation against the six name Defendants.  *See* Fed. R. Civ. P. 8(a)(1) (a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief"); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions

1

devoid of further factual enhancement" are insufficient to plead a § 1983 claim; instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face"). Accordingly, on December 6, 2024, I entered an Order explaining to Plaintiff the pleading deficiencies in his Complaint and giving him clear instructions on how to file an Amended Complaint curing those problems.[1]  (Doc. 6.)  And I warned Plaintiff I would recommend dismissal if he did not timely comply with my instructions.

Plaintiff has not filed an Amended Complaint, and the time to do so has passed. Accordingly, I recommend the Complaint be dismissed without prejudice as being frivolous and failing to state a claim upon which relief may be granted.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (an action is frivolous if "it lacks an arguable basis either in law or in fact").

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that;

1. The Complaint (Doc. 1) be DISMISSED without prejudice.

2. The Court recommend that, in the future, dismissal of this action count as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

Dated this 14th day of January 2025.

                                                JOE J. VOLPE
                                                UNITED STATES MAGISTRATE JUDGE